USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/20/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                          :
CARTER PAGE,                               :
                            Plaintiff,     :
                                          :           17 Civ. 6990 (LGS)
                   - against -             :
                                          :           **OPINION AND ORDER**
OATH INC. and BROADCASTING     :
BOARD OF GOVERNORS,             :
                                 Defendants.  :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

        Pro se Plaintiff Carter Page sues Defendants Oath Inc. and Broadcasting Board of Governors ("BBG"), alleging state law claims of defamation and tortious interference with existing and prospective business relations and federal law claims of acts of terrorism transcending national boundaries and financing terrorism. BBG moves to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendant's motion is granted.

     **I.**      **BACKGROUND**

        The following alleged facts are drawn from the Complaint and are accepted as true for purposes of this motion. The facts are construed, and all reasonable inferences are drawn, in favor of Plaintiff as the non-moving party. *See Elias v. Rolling Stone LLC*, 872 F.3d 97, 104 (2d Cir. 2017).

        Plaintiff Carter Page is a financial executive and foreign policy scholar. In 2008, he founded Global Energy Capital LLC, which specializes in investment advisory and direct investments in the energy sector worldwide. In early 2016, Plaintiff was an unpaid, informal advisor to the Donald J. Trump Campaign (the "Campaign"). Plaintiff never met or spoke to Donald J. Trump.

Defendant BBG is a U.S. Government agency.  BBG funds Radio Free Europe/Radio Liberty ("RFE"), a Delaware non-profit corporation, allegedly with the intention that its funds be used to carry out the distribution of defamatory reports, including those by RFE.  BBG does not control RFE.

In July 2016, Plaintiff traveled to Moscow, where he gave a lecture for current students, recent graduates and guests at the New Economic School.  Shortly thereafter, on September 23, 2016, Yahoo News published an article stating in relevant part, "U.S. intelligence officials are seeking to determine whether an American business man [Plaintiff] identified by Donald Trump as one of his foreign policy advisers has opened up private communications with senior Russian officials . . . ."  The "senior Russian officials" named in the article were Igor Sechin, a close Putin associate and the executive chairman of Russia's leading oil company, and Igor Divyekin, a top Putin aide.  The article stated that Plaintiff's alleged activities in Russia had been discussed among members of Congress and referred to "[a] senior U.S. law enforcement official" who "did not dispute" that Plaintiff's alleged relations with Russian officials close to Putin were being monitored and investigated.

The next day, on September 24, 2016, RFE published an article (the "RFE article") titled "Report: U.S. Intelligence Officials Examining Trump Adviser's [Plaintiff's] Russia Ties."  Referring to the Yahoo News article, the RFE article stated: "Yahoo News is reporting that U.S. intelligence officials are trying to establish whether a businessman identified by Republican presidential candidate Donald Trump as a foreign policy adviser has held private discussions with senior Russian officials [Sechin and Divyekin] on bilateral issues, including U.S. sanctions."  The RFE article repeated or paraphrased many of the statements in the Yahoo News article.  The RFE article elaborated on a statement in the Yahoo article:

2

> Page raised eyebrows in U.S. political circles in July [2016] with a lecture he delivered to students and businesspeople in Moscow in which he accused 'Washington and other Western capitals' of impeding other nations' 'potential progress through their often hypocritical focus on ideas such as democratization, inequality, corruption, and regime change' -- criticisms that echo those frequently voiced by the Kremlin.

According to the Complaint, "RFE similarly [to Yahoo News] imputed a potentially treasonous connotation since Dr. Page may have in any way deviated from the dominant ideology of U.S. foreign policy . . . ." The Complaint does not allege that BBG was involved in the RFE article's publication, except indirectly, by funding RFE.

## II.  STANDARD

### A.  Motions to Dismiss

To survive a motion to dismiss under Rule 12(b)(1), the non-moving party has the burden to show by a preponderance of the evidence that subject matter jurisdiction exists. *Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2016). "When subject matter jurisdiction is challenged, we are free to consider materials extrinsic to the complaint." *Moser v. Pollin*, 294 F.3d 335, 339 (2d Cir. 2002); *accord Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 725 (2d Cir. 2017).

On a motion to dismiss, a court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the non-moving party's favor, *Elias*, 872 F.3d at 104, but gives "no effect to legal conclusions couched as factual allegations," *Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31, 35 (2d Cir. 2017) (internal quotation marks omitted). The pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). "The Complaint is deemed

to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Tannerite Sports, LLC v. NBCUniversal News Grp.*, 864 F.3d 236, 247–48 (2d Cir. 2017) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (alteration omitted)).

Courts must "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted). "The policy of liberally construing pro se submissions is driven by the understanding that implicit in the right to self-representation is an obligation . . . of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Id.* at 156–57 (internal quotation marks omitted).

## III. DISCUSSION

### A. Subject Matter Jurisdiction

#### 1. State Law Claims

The Complaint alleges state law claims of defamation, tortious interference with contract and tortious interference with prospective business relations under New York law.[1] These claims are dismissed for lack of subject matter jurisdiction.

"'Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.'" *See Binder & Binder, P.C. v. Colvin*, 818 F.3d 66, 70 (2d Cir. 2016) (quoting *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)). "'[W]aivers of sovereign immunity must be 'unequivocally

---

[1] New York law applies to the state law claims because the parties' briefs assume that it does. "'[S]uch implied consent is . . . sufficient to establish the applicable choice of law.'" *Trikona Advisers Ltd. v. Chugh*, 846 F.3d 22, 31 (2d Cir. 2017) (quoting *Arch Ins. Co. v. Precision Stone, Inc.*, 584 F.3d 33, 39 (2d Cir. 2009)).

expressed' in statutory text, and cannot simply by implied.'" *Id.* (quoting *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33 (1992)).

The Federal Tort Claims Act (the "FTCA") provides a limited waiver of sovereign immunity for claims "arising from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. § 2679(b)(1). A federal agency is not a proper defendant under the FTCA; only the United States can be sued for claims within the law's scope. *See* 28 U.S.C. § 2679(b)(1); *Simmons v. Himmelreich*, 136 S. Ct. 1843, 1846–47 (2016) (noting parenthetically that a plaintiff "cannot sue [an] agency for claims within [the] scope of [the] FTCA"); *McCracken v. Brookhaven Sci. Assocs. LLC*, 376 F. App'x 138, 140 (2d Cir. 2010) (summary order) ("[T]he federal defendants were properly dismissed for lack of subject matter jurisdiction, because the agencies were not subject to suit under the Federal Tort Claims Act . . . .").

Under the FTCA, a plaintiff must exhaust administrative remedies prior to bringing a tort claim against the United States. The FTCA states in relevant part:

> (a)   An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first *presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing* . . . ."

28 U.S.C. § 2675(a) (emphasis added).[2] The exhaustion requirement is "strictly construed." *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999); *accord Bright-Asante v. Wagner*,

---

[2] "A claim is 'deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury or death alleged to have occurred by reason of the incident.' 28 C.F.R. § 14.2." *Pinchasow v. United States*, No. 06 Civ. 1139, 2006 WL 3370714, at *1 (2d Cir. 2006) (summary order).

No 15 Civ. 9110, 2017 WL 6948359, at *9 (S.D.N.Y. Dec. 1, 2017).  A plaintiff bears the burden to "plead and prove compliance with the [exhaustion] requirements" of the FTCA.  *Bright-Asante*, 2017 WL 6948359, at *9 (quoting *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir. 1987)).  Where a plaintiff fails to exhaust his administrative remedies, the district court lacks subject matter jurisdiction over the plaintiff's FTCA claims.  *DeBoe v. Du Bois*, 503 F. App'x 85, 89 (2d Cir. 2012) (summary order) (citing § 2675(a) and *Millares Guiraldes de Tineo v. United States*, 137 F.3d 715, 720 (1998)).

Here, the Complaint alleges claims against BBG, which is a federal agency of the United States, rather than against the United States itself.  *Nyunt v. Chairman, Broad. Bd. of Governors*, 589 F.3d 445, 447 (D.C. Cir. 2009).  Because the FTCA expressly precludes such suits, Defendant's motion to dismiss under 12(b)(1) is granted.  *See Spinale v. U.S. Dep't of Agric.*, 621 F. Supp. 2d 112, 117 (S.D.N.Y. 2009), *aff'd sub nom. Spinale v. U.S. Dep't of Agric.*, 356 F. App'x 465 (2d Cir. 2009) (summary order) (dismissing defamation claim against federal agency because the only proper defendant in an FTCA action is the United States).

Even if the Complaint had named the United States as a defendant, the Court would lack subject matter jurisdiction.  The FTCA expressly precludes an action against the United States for claims "arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h); *see Tomscha v. Poole*, No. 16 Civ. 1263, 2016 WL 7378974, at *10 (S.D.N.Y. Dec. 20, 2016); *Spinale*, 621 F. Supp. 2d at 117.  Plaintiff's argument that BBG is subject to suit based on § 2680's exception for claims arising out of "abuse of process" is unavailing as that provision applies only "with respect to acts or omissions of investigative or law enforcement officers of the United States."  28 U.S.C.A. § 2680(h).

6

Plaintiff also has not met his burden to plead and prove that he exhausted his administrative remedies, as is required under the FTCA, because the Complaint is devoid of any facts suggesting that Plaintiff filed an administrative claim with an appropriate federal agency. *See, e.g.*, *Bright-Asante*, 2017 WL 6948359, at *9 (dismissing FTCA claim where plaintiff "wholly fail[ed] to plead the filing of an administrative claim with the [relevant agency]"). To the extent that Plaintiff suggests that he exhausted his administrative remedies by sending a September 2016 letter to then-FBI Director James Comey, this argument is unpersuasive. The letter, which is attached to the Complaint, does not mention BBG, RFE or any of the specific allegations in the Complaint, nor does the letter demand damages resulting from BBG's or RFE's alleged tortious conduct. Instead, the stated purpose of the letter is to ask the FBI to end its reported inquiry into Plaintiff's trip to Russia in July 2016, which is based on "nothing more than completely false media reports." The Court lacks subject matter jurisdiction for this reason as well.

The claims of defamation and tortious interference with existing and prospective business relations against BBG are dismissed.

### 2. Federal Law Claims

The Complaint alleges federal law claims of acts of terrorism transcending national boundaries (Count 2) and financing terrorism (Count 3) based on BBG's funding of RFE. These claims are dismissed.

The Anti-Terrorism Act (the "ATA"), 18 U.S.C. § 2331 et seq., creates a civil cause of action for United States nationals injured by acts of international terrorism. *Linde v. Arab Bank, PLC*, 832 F.3d 314, 318 (2d Cir. 2018). Section 2333 of the ATA provides:

> Any national of the United States [who is] injured in his or her person, property, or business by reason of an act of international terrorism, or his or her estate, survivors, or

> heirs, may sue therefor in any appropriate district court of the United States and shall recover threefold the damages he or she sustains and the cost of the suit, including attorney's fees.

18 U.S.C. § 2333(a). Acts of "international terrorism" include activities that:

> (A) involve violent acts or acts dangerous to human life that are a violation of the criminal laws of the United States or of any State, or that would be a criminal violation if committed within the jurisdiction of the United States or of any State;
> (B) appear to be intended --
>   (i)     to intimidate or coerce a civilian population;
>   (ii)    to influence the policy of a government by intimidation or coercion; or
>   (iii)   to affect the conduct of a government by mass destruction, assassination, or kidnapping; and
> (C) occur primarily outside the territorial jurisdiction of the United States, or transcend national boundaries in terms of the means by which they are accomplished, the persons they appear intended to intimidate or coerce, or the locale in which their perpetrators operate or seek asylum . . . .

18 U.S.C. § 2331(1).

The ATA claims fail as a matter of law because the Court lacks subject matter jurisdiction. Section 2337 of the ATA expressly precludes suits against "the United States, an agency of the United States, or an officer or employee of the United States or any agency thereof acting within his or her official capacity or under color of legal authority." 18 U.S.C. § 2337(1). Because BBG is a federal agency of the United States, this claim is dismissed. *See Klayman v. Obama*, 125 F. Supp. 3d 67, 79 (D.D.C. 2015) (noting that "by its terms" the ATA prohibits suits against the United States or an agency of the United States).

### B. Sufficiency of the Complaint

Defendant's motion is granted with respect to the ATA claims for the additional reason that the Complaint fails to plead any facts to support an inference that BBG violated the ATA. The Complaint alleges that BBG funded RFE with the intent that RFE publish defamatory statements about Plaintiff for the purpose of causing death or serious bodily injury to Plaintiff. The Complaint does not allege any facts suggesting that BBG played any role in the publication

8

of the allegedly defamatory statements about Plaintiff.  Construing the alleged facts in Plaintiff's favor, the Complaint does not plausibly suggest any wrongdoing by BBG, an independent federal agency that Plaintiff acknowledges does not control RFE or any RFE officer or employee.  The allegation that BBG merely funded RFE -- as Congress intended for it to do -- is insufficient to state a claim.

To the extent that the claims against BBG are premised on RFE's alleged conduct, they fail because RFE is a separate legal entity from BBG, and the Complaint does not allege any valid basis for holding BBG vicariously liable.  *See* 22 U.S.C.A. § 6207(e) ("Nothing in this chapter may be construed to make RFE/RL, Incorporated a Federal agency or instrumentality."); *Ralis v. RFE/RL, Inc.*, 770 F.2d 1121, 1129–30 (D.C. Cir. 1985) (holding that notwithstanding its public funding, "RFE/RL, Inc. is at bottom a non-governmental entity, a private, state-chartered corporation whose operational independence has been carefully protected by Congress").  As the Complaint acknowledges, BBG funds but does not control RFE.

### C.  Leave to Replead

Plaintiff requests, in the event of dismissal, leave to file an amended complaint.  Leave to amend should be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  "However, where the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied."  *Hayden v. Cty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999).  Leave to amend also may be denied where the plaintiff "fails to specify either to the district court or to the court of appeals how amendment would cure the pleading deficiencies in its complaint."  *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014).  Any motion for leave to replead shall be filed as provided below.

The Court believes that any effort to replead would be futile as follows: (1) a state or federal claim against BBG would be futile because the FTCA and the ATA preclude suit against a federal agency such as BBG; (2) a federal claim against RFE would be futile because the ATA's definition of "international terrorism" could not be satisfied (as explained in the Court's companion opinion dismissing the ATA claim against co-Defendant Oath), and (3) state law claims asserted against RFE would be time-barred.³  If Plaintiff believes otherwise, he may file a letter application (by filing it with the Pro Se Intake Office), not to exceed three, single-spaced pages, describing how he would amend the complaint to comply with the applicable legal requirements.  Any such application for leave to replead shall be filed as provided below.

## IV.     CONCLUSION

Defendant's motion to dismiss the claims against Defendant BBG is GRANTED.  If Plaintiff seeks to file an amended complaint, he shall file a letter application as described above on or before **April 20, 2018**.  Pre-motion letters and a pre-motion conference are unnecessary.  The Clerk of Court is directed to close the motion at Docket No. 28 and mail a copy of this Order to pro se Plaintiff.

Dated: March 20, 2018
       New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

---

³  Under New York law, any claims for defamation and tortious interference arising out of the publication of the RFE article must have been filed within one year of the publication date of September 2016.  NYCPLR § 215(3); *Allen v. Antal*, 665 F. App'x 9, 13 (2d Cir. 2016) (summary order) (citing *Nussenzweig v. diCorcia*, 9 N.E.2d 589 (N.Y. 2007)); *Hengjun Chao v. Mt. Sinai Hosp.*, 476 F. App'x 892, 895 (2d Cir. 2012) (summary order) ("New York law considers claims sounding in tort to be defamation claims . . . where those causes of action seek damages only for injury to reputation, [or] where the entire injury complained of by plaintiff flows from the effect on his reputation.").