USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/26/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
CARTER PAGE,                                                :
                                      Plaintiff,            :
                                                            :         17 Civ. 6990 (LGS)
            - against -                                     :
                                                            :         **OPINION AND ORDER**
OATH INC. and BROADCASTING                                  :
BOARD OF GOVERNORS,                                         :
                                      Defendants.           :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

Pro se Plaintiff Carter Page moves for a temporary restraining order ("TRO") and preliminary injunction to prevent Defendant Oath, Inc. ("Oath") from continuing "their longstanding practice of life-threatening defamatory reporting regarding Dr. Page," allegedly in violation of the Anti-Terrorism Act (the "ATA"). Plaintiff's motion is denied because the preliminary relief Plaintiff seeks is not in the public interest, he has not shown a likelihood of success on the merits of his underlying ATA claim against Oath and his motion is moot.

## I.  STANDARD

The purpose of a TRO is "only to preserve the status quo . . . until after the presentment of further evidence on the merits of the [plaintiff's] claims." *Mastrio v. Sebelius*, 768 F.3d 116, 121 (2d Cir. 2014). "It is well established that in this Circuit the standard for an entry of a TRO is the same as for a preliminary injunction." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, No. 17 Civ. 6761, 2017 WL 4685113, at *1 (S.D.N.Y. Oct. 17, 2017). "A party seeking a preliminary injunction must show (1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest." *N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir.

2018). "Because mandatory injunctions disrupt the status quo, a party seeking one must meet a heightened legal standard by showing 'a *clear* or *substantial* likelihood of success on the merits.'" *Id.* (emphasis added).

## II. DISCUSSION

The parties' familiarity with the alleged facts, which are described at length in the Court's Opinion and Order dated March 20, 2018 (the "March 20th Opinion"), is assumed for purposes of this motion. Plaintiff's motion for a TRO and preliminary injunctive relief is denied for three reasons: first, the relief Plaintiff requests is not in the public interest; second, Plaintiff has not met his burden to show a clear or substantial likelihood of success on the merits, as evidenced by the March 20th Opinion dismissing his claims against Oath; and third, in light of the dismissal of his ATA claim, this motion is moot.

The basis for Plaintiff's motion is the now dismissed Count of the Complaint that asserted a violation of the ATA, equating Oath's news reports about Page with prohibited acts of terrorism transcending national boundaries. *See* 18 U.S.C. § 2333. The alleged act of international terrorism at the center of the Complaint is Oath's publication of an allegedly false and misleading news report, after which Plaintiff received death threats.

Plaintiff seeks to enjoin Oath from "using his name to continue the spread of discriminatory, libelous, slanderous, misleading and false information about him." Such an injunction is a classic example of a prior restraint, which is both offensive to the First Amendment and contrary to the public interest. *See Citizens United v. Schneiderman*, 882 F.3d 374, 386 (2d Cir. 2018) (defining a prior restraint as "a law, regulation or judicial order that suppresses speech . . . on the basis of the speech's content and in advance of its actual expression" (internal quotation marks omitted)). Prior restraints are "the most serious and the

least tolerable infringement" on the rights of free speech and press. *Neb. Press Ass'n v. Stuart*, 427 U.S. 539, 559 (1976); *accord Near v. Minn. ex rel. Olson*, 283 U.S. 697, 713 (1931) ("[I]t has been generally, if not universally, considered that it is the chief purpose of the [First Amendment's] guaranty to prevent previous restraints.").

The speech Plaintiff would have the Court enjoin directly implicates matters of public concern, including Russian interference in and the legitimacy of the 2016 presidential election. In denying Plaintiff's motion, the Court is mindful that "speech on public issues occupies the highest rung of the hierarchy of First Amendment values, and is entitled to special protection." *Synder v. Phelps*, 562 U.S. 443, 452 (2011) (internal quotation marks omitted); *see also Garrison v. Louisiana*, 379 U.S. 64, 74–75 (1964) ("[S]peech concerning public affairs is more than self-expression; it is the essence of self-government."). For that reason, even speech containing factual errors or constituting defamatory statements is not beyond the scope of the First Amendment's protection. *See Hollander v. CBS News Inc.*, No. 16 Civ. 6624, 2017 WL 1957485, at *1 (S.D.N.Y. May 10, 2017) ("And it is long settled that factual errors, actual or asserted, in speech on matters of public concern do not remove such expression from the protection of the First Amendment.") (citing *Bartnicki v. Vopper*, 532 U.S. 514, 534–35 (2001)), *vacated on other grounds sub nom. Hollander v. Garrett*, 710 Fed. App'x 35 (2d Cir. 2018) (summary order).

As explained in the March 20th Opinion, the Complaint also fails to plead sufficiently § 2331's second and third elements -- violation of a criminal law and the apparent intention to intimidate or coerce civilian population, influence government policy, or affect government conduct by specified means. *See* 18 U.S.C. § 2331(1). Plaintiff's ATA was therefore dismissed for failure to state a claim. Because the party seeking preliminary relief must show a likelihood

of success on the merits of a *claim*, and Plaintiff's underlying ATA claim against Oath fails as a matter of law, the motion for a TRO and preliminary injunction is denied.

The motion for a TRO is also denied because, absent any surviving ATA claim in the Complaint, the application is moot. *See, e.g.*, *Am. Freedom Def. Initiative v. Metro. Transp. Auth.*, 815 F.3d 105, 111 (2d Cir. 2016) (affirming dissolution of a preliminary injunction where the claim underlying the injunction became moot); *McMillian v. Konecny*, No. 9:15 Civ. 0241, 2018 WL 813515, at *2 (N.D.N.Y. Feb. 9, 2018) ("[W]here no complaint remains pending, no motion for a temporary restraining order or preliminary injunction remains available."); *Leed Indus. Inc. v. N.Y. State Dep't of Labor (DOL)*, No. 09 Civ. 9456, 2010 WL 882992, at *1 (S.D.N.Y. Mar. 8, 2010) ("On March 1, 2010, the Court issued a 'bottom-line' order granting defendants' motion to dismiss, which rendered moot plaintiff's motion for a preliminary injunction and expedited hearing.").

To the extent Plaintiff's motion is based on facts not alleged in the Complaint, those alleged facts are not properly considered on this motion. The relief that a plaintiff seeks through a TRO or injunction must relate to the allegations contained in the underlying complaint.[1] *See Williams v. City of Hartford*, No. 3:15 Civ. 0933, 2016 WL 7493952, at *1 (D. Conn. Dec. 30, 2016) ("To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and *the conduct giving rise to the complaint*." (internal quotation marks omitted and emphasis added)); *Toliver v. Colvin*, No. 12 Civ. 0227, 2014 WL 1660609, at *6 (W.D.N.Y. Apr. 24, 2014) (same).

---

[1] For the reasons stated in the text above, it is improbable that any effort to amend the Complaint would remedy all of the defects identified in this Opinion.

### III. CONCLUSION

Plaintiff's motion for a TRO and preliminary injunction is **DENIED**. The Clerk of Court is directed to close the motion at Docket No. 46 and mail a copy of this Order to pro se Plaintiff.

Dated: March 26, 2018
      New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**