U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

86 Chambers Street
New York, New York 10007

May 4, 2018

**By ECF**
The Honorable Lorna G. Schofield
United States District Court, Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Page v. Oath, Inc. and Broadcasting Board of Governors*, 17 Civ. 6990 (LGS)

Dear Judge Schofield,

      This Office represents the Broadcasting Board of Governors ("BBG" or the "Government") in this action for defamation, tortious interference, and "terrorism" brought by *pro se* plaintiff Carter Page. I write respectfully in response to Mr. Page's letter of April 16, 2018 [Dkt. No. 52], seeking leave to file an amended complaint in light of the Court's Opinion and Order ("Slip Op.") [Dkt. No. 48] that granted the Government's motion to dismiss all claims against BBG. For the reasons provided below, as well as in the Government's previously-filed motion papers, the Court should deny the application to amend the pleadings and enter final judgment in favor of Defendant BBG.

      "The decision to grant leave to amend is within the sound discretion of the trial court." *Bay Harbour Mgmt. LLC v. Carothers*, 474 F. Supp. 2d 501, 502 (S.D.N.Y. 2007) (citation omitted). Although a *pro se* plaintiff's submissions should be given solicitous treatment, a litigant is not entitled to another bite at the apple where "the substance of the claim pleaded is frivolous on its face," and he "can prove no set of facts in support of his claim." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). Instead, "where the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied." *Hayden v. Cty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999) (citation omitted). Mr. Page's letter only confirms what was evident from his complaint and brief in opposition to the Government's motion to dismiss: none of his claims has any possibility of withstanding dismissal even if they were to be repleaded.

      To begin, Mr. Page, as he has done previously, makes references to various investigations by Congress and the Department of Justice, and alludes to "evidentiary details . . . expected to be forthcoming." Putting aside the fact that Mr. Page makes no attempt to specify how these investigations are remotely related to his specific claims against BBG, he misapprehends the nature of his burden at the pleadings stage. Mr. Page's complaint was not dismissed due to an evidentiary failure. Rather, Mr. Page failed to "allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level,'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), identifying in particular the specific waiver of sovereign immunity that entitles him to proceed to discovery, *Long Island Radio Co. v. N.L.R.B.*, 841 F.2d 474, 477 (2d Cir. 1988). Nothing in his letter suggests that he can plead such a plausible set of facts or

point to such a waiver with respect to his claims against BBG. Moreover, to the extent that Mr. Page anticipates marshaling his promised evidence into "potential new claims" arising out of unspecified "additional wrongdoing" and "other laws broken" by wholly different parties, such conjecture about possible novel theories and causes of action is not a proper basis to grant leave to amend. *See generally Ruotolo v. City of New York*, 514 F.3d 184, 192 (2d Cir. 2008); *accord Cook v. City of New York*, 243 F. Supp. 3d 332, 342 (E.D.N.Y. 2017) ("mere possibility of misconduct" is insufficient to disprove futility).

Instead, it is clear that any amendment to the pleadings would be futile for a constellation of reasons. First, Congress has expressly declined to waive sovereign immunity for claims of defamation; Mr. Page's effort to invoke the carve out for investigative or law enforcement officers lacks any relevance to the conduct with which he takes issue, the publication of an article by a media outlet. *See* 28 U.S.C. § 2680(h). Second, even if a waiver of immunity existed, Mr. Page's suggestion that BBG may be held vicariously liable for Radio Free Europe's ("RFE") publication of an article is counter to an act of Congress, and is therefore incorrect as a matter of law. *See* 22 U.S.C. § 6207(e). Third, even if such a waiver existed, Mr. Page's bald assertion that he can recraft his pleadings somehow to show BBG's direct involvement in RFE's actions, supported only by a citation to BBG's statutory authority to provide grants to RFE and the fact that the BBG board met in 2016, is not based on any relevant or plausible set of facts. Fourth, even assuming BBG could be properly named for any claim despite these fatal flaws, Mr. Page makes no attempt to explain how he can replead to show proper administrative exhaustion of claims with the proper agency, merely reiterating his contention that he made an unrelated notice to the FBI, an argument the Court has already rejected as insufficient. *See* Slip Op. at 7. Fifth, were Mr. Page now to bring his defamation claims against RFE as the proper non-Government party, the applicable statute of limitations expired in September 2017, one year after the publication of the allegedly defamatory material. *See Van Buskirk v. The New York Times Co.*, 325 F.3d 87, 89 (2d Cir. 2003) (applying New York law). Sixth, federal law expressly precludes civil suits against the Government or its agencies for claims of terrorism. *See* 18 U.S.C. § 2337(1). Seventh, Mr. Page provides no indication whatsoever of how the action he complains of could plausibly satisfy the elements of international terrorism. And finally, to the extent that Mr. Page hints that he may raise constitutional claims against BBG or any other agency (presumably a *Bivens*-type claim despite his invocation of 42 U.S.C. § 1983, which applies to state actors), such a cause of action is unavailable against the Government. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 484-85 (1994).

Consequently, because Mr. Page has failed to address adequately any of the specific issues related to futility of amendment identified by the Court, Slip Op. at 10, leave to replead should be denied.

Thank you for your consideration.

Respectfully,

GEOFFREY S. BERMAN
United States Attorney

By: /s/ Stephen Cha-Kim
STEPHEN CHA-KIM
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, NY 10007
(212) 637-2768
stephen.cha-kim@usdoj.gov

cc: Carter Page, *Pro se* Plaintiff (By Email and U.S. Mail)
James Eric Rosenfeld, Counsel for Co-Defendant (By ECF and Email)